UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 18-48350

GREGORY E. PACK, and                            Chapter 13
SHERON PACK,
                                                Judge Thomas J. Tucker
        Debtors.
_____/

### ORDER DENYING, WITHOUT PREJUDICE, MOTION TO EXCUSE DEBTOR, SHERON PACK, FROM REQUIREMENT OF FILING THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS AND THE CERTIFICATION OF COMPLETION OF PERSONAL FINANCIAL MANAGEMENT COURSE

This case is before the Court on a motion filed by the Debtor Gregory E. Pack, entitled "Motion to Excuse Debtor, Sheron Pack, from Requirement of Filing the Certification Regarding Domestic Support Obligations (Form B283) and the Certification of Completion of Personal Financial Management (Form B23)" (Docket # 38, the "Motion"). The Motion seeks a waiver of certain filing requirements of the Debtor Sheron Pack, but the Motion also states that Sheron Pack died on April 14, 2021. (Mot. at ¶ 2.)

The Motion must be denied because it was not filed by or on behalf of anyone with standing to seek the relief sought. The Motion was filed by the Debtor Gregory Pack, but the Motion does not show that Gregory Pack has standing or authority to file a motion on behalf of the deceased debtor.

Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor, Sheron Pack. *See In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3) (stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

The Motion does not allege or demonstrate that Gregory Pack is the personal representative of the deceased Debtor Sheron Pack.

Accordingly,

IT IS ORDERED that the Motion (Docket # 38) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion. The Court expresses no view, at this time, about the merits of any such potential future motion.

**Signed on October 21, 2021**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge